# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES VAUGHAN,

    Petitioner,

    v.                                                 CASE NO. 20-3010-SAC

CHRISTINE MILLER,

    Respondent.

## ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court grants Petitioner's motions to proceed *in forma pauperis* (Docs. 3, 4). The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

On April 15, 2010, in Case No. 09CR0201, the Johnson County District Court sentenced Petitioner to twelve months incarceration for his sixth conviction of driving under the influence. *See State v. Vaughan*, No. 119,610 (Kan. App. April 12, 2019). The court also imposed a $2,500 fine and ordered Petitioner to pay court costs and fees. *Id*. Seven years later, in 2017, Petitioner was incarcerated on some apparently unrelated conviction. On December 26, 2017, the district court ordered the garnishment of his inmate prison account at the Lansing Correctional Facility in order to apply the proceeds to the 2010 judgment for a fine, costs and fees. *Id*. Petitioner was given notice of the garnishment on January 10, 2018, the day after his account was frozen. Petitioner objected to the garnishment and moved to dismiss, arguing that the judgment for the fine, costs and fees became dormant and then void under state law. *Id*. Petitioner then

supplemented his argument by asserting that the money in his prison account was exempt from garnishment because it was proceeds from a life insurance policy on his late mother. Petitioner asked that he be transported to the hearing or, in the alternative, that the court appoint counsel for him. *Id*.

Petitioner was not present at the February 2018 hearing on his motion. The court determined that Petitioner's presence was not required because it was a civil proceeding and oral argument was not needed because the legal issue had been fully addressed in the written submissions. *Id*. The court overruled Petitioner's objection to the garnishment, finding that the 2015 amendment to the state statute rendered the otherwise dormant money judgment against him viable and enforceable. The court did not address Petitioner's claim that the funds were exempt from garnishment as life insurance proceeds. *Id*.

Petitioner appealed to the Kansas Court of Appeals, raising the issue of statutory interpretation of Kansas garnishment laws. *Id*. The Kansas Court of Appeals found that the district court did not err in applying the state garnishment statutes. *Id*. The Kansas Court of Appeals also found that Petitioner was not denied procedural due process when receiving notice of the garnishment and of the hearing. The Kansas Court of Appeals found that there remained an issue as to whether the life insurance proceeds in Petitioner's prison account are exempt, and remanded to the district court to resolve the issue. *Id*.

On January 9, 2020, Petitioner filed this habeas petition, asserting that he is challenging his 2010 conviction in Case No. 09CR0201. Petitioner states that he did not appeal the conviction, but refers to his motion to dismiss the garnishment filed in 2018. Petitioner alleges that the garnishment procedure did not follow Kansas state law and was in violation of Petitioner's due process rights. Petitioner alleges that he was deprived of his property without

due process of law. Petitioner also argues that the state court erred in applying the state garnishment laws. Petitioner asks this Court to vacate his judgment and order his garnished funds returned and prohibit any further garnishment in Case No. 09CR0201.

**Discussion**

Although it does not appear that Petitioner is attacking his underlying conviction, to the extent he seeks to vacate his judgment, such relief is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct

appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S.

631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Because Petitioner did not commence this action until January 2020, to the extent he seeks habeas relief, his Petition is not timely and is subject to dismissal unless he can demonstrate grounds for equitable or statutory tolling. The Court will direct him to show cause why his habeas claim should not be dismissed.

To the extent Petitioner challenges his garnishment proceedings, Petitioner should also show cause why this claim should not be dismissed as not properly brought in a habeas action. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief).

To the extent Petitioner claims a lack of due process in his garnishment proceedings, such a claim should be brought under § 1983. *See Johnson v. Whitney*, 723 F. App'x 587, 592 (10th Cir. 2018) (applying *Sandin* to property rights and agreeing that withholding a percentage of an inmate's wages to repay certain debts does not rise to the level of an atypical and significant hardship in relation to the ordinary incidents of prison life). Even assuming Plaintiff has a property interest in his prison account,[1] deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. In fact, he pursued that relief in the state courts. To the extent Plaintiff seeks to argue that those remedies are inadequate, such a claim is not properly before the Court in a habeas petition and must be brought pursuant to § 1983.

**IT IS THEREFORE ORDERED THAT** Petitioner's motions at Docs. 3 and 4 are **granted** to the extent that they seek leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **February 24, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District

---

[1] *See Leek v. Miller*, 698 F. App'x 922, 928–29 (10th Cir. June 7, 2017) (unpublished) (finding that the law in this circuit is not clearly established as to whether a prisoner has a protected property interest in his prison account).

Judge, why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **February 24, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his claims regarding his garnishment proceedings should not be dismissed as not properly brought in a habeas action.

**IT IS SO ORDERED**.

**Dated January 29, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**