IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES VAUGHAN,

    Petitioner,

    v.                                                  CASE NO. 20-3010-SAC

CHRISTINE MILLER,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and entered an Order to Show Cause (Doc. 5) ("OSC") directing Petitioner to show cause why this matter should not be dismissed. This matter is before the Court on Petitioner's Response (Doc. 6).

**Background**

Petitioner, a prisoner in state custody on an unrelated charge, challenges garnishment proceedings instituted to collect a fine, costs and fees imposed in a prior judgment. On April 15, 2010, in Case No. 09CR0201, the Johnson County District Court sentenced Petitioner to twelve months incarceration for his sixth conviction of driving under the influence. *See State v. Vaughan*, No. 119,610 (Kan. App. April 12, 2019). The court also imposed a $2,500 fine and ordered Petitioner to pay court costs and fees. *Id*. Seven years later, in 2017, Petitioner was incarcerated on an unrelated conviction. On December 26, 2017, the district court ordered the garnishment of his inmate prison account at the Lansing Correctional Facility in order to apply the proceeds to the 2010 judgment for a fine, costs and fees. *Id*.

Petitioner challenged the garnishment in Kansas state court, arguing that the fees from his 2010 judgment became dormant and then void under state law. *Id*. Petitioner appealed to the Kansas Court of Appeals, raising the issue of statutory interpretation of Kansas garnishment laws. *Id*. The Kansas Court of Appeals found that the district court did not err in applying the state garnishment statutes. *Id*. The Kansas Court of Appeals also found that Petitioner was not denied procedural due process when receiving notice of the garnishment and of the hearing. The Kansas Court of Appeals found that there remained an issue as to whether the life insurance proceeds in Petitioner's prison account are exempt, and remanded to the district court to resolve the issue. *Id*. Petitioner's motion for rehearing/modification was denied by the Kansas Court of Appeals on April 23, 2019, and his Petitioner for Review was denied on December 19, 2019. *Id*.

On January 29, 2020, this Court entered the OSC, directing Petitioner to show good cause why his habeas claims should not be dismissed as untimely and why his claims regarding his garnishment proceedings should not be dismissed as not properly brought in a habeas action.

In his Response, Petitioner argues that he is seeking relief in this habeas action "for a wrongful jurisdictional garnishment by a new and independent civil action on a criminal case number and judgment." (Doc. 6, at 1.) Petitioner argues that a third-party entity—Butler & Associates P.A. "Butler"—brought a civil garnishment action against Petitioner without jurisdiction. *Id*. Petitioner alleges that he exhausted all of his state court remedies and filed this habeas action within one year of the resolution of his state proceedings. Petitioner alleges that the proceeds at issue were garnished as part of his criminal case, and that Butler and/or the state "infringe[d] on petitioner's due process protection by untimely and unlawfully, converting a criminal action into a civil action without jurisdiction." *Id*. at 2.

Petitioner alleges that Butler and/or the State failed to attempt collection in a timely manner proscribed by law, or prior to it becoming dormant and "unrevived under state law." *Id*. Thus, Petitioner argues that they are attempting to collect on the judgment "past the lawful time for collection." *Id*.

**Discussion**

The Court found in the OSC that Petitioner's attack on the garnishment proceedings is not properly brought in a habeas action. A petition under 28 U.S.C. § 2254 is used to challenge the validity of a conviction and sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The present action, however, does not attack petitioner's criminal case. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief).

To the extent Petitioner claims a lack of due process relating to money taken from his inmate bank account, such a claim should be brought under § 1983. *See Johnson v. Whitney*, 723 F. App'x 587, 592 (10th Cir. 2018). Even if the Court were to construe Petitioner's claims as an action filed under 42 U.S.C. § 1983, Petitioner would not be entitled to relief. Even assuming Plaintiff has a property interest in his prison account,[1] deprivations of property do not deny due

---

[1] *See Leek v. Miller*, 698 F. App'x 922, 928–29 (10th Cir. June 7, 2017) (unpublished) (finding that the law in this circuit is not clearly established as to whether a prisoner has a protected property interest in his prison account).

3

process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."). Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property).

Plaintiff has failed to allege that an adequate post-deprivation remedy was unavailable. In fact, Petitioner challenged the garnishment in state court and was unsuccessful. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). The party invoking the jurisdiction of a federal court has the burden of establishing subject matter jurisdiction. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). Petitioner proceeds under a state statute, and his remedy is under state law. Petitioner offers no explanation as to how the Respondent could be liable for the relief he seeks. Furthermore, "Federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 . . . to give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Bolling v. City & Cty. of Denver, Colo. By & Through McNichols*, 790 F.2d 67, 68 (10th Cir. 1986) (internal quotation marks omitted) (citation omitted).

In addition, because Petitioner is challenging the state court decision upholding his garnishment, his challenge is a collateral attack barred by the *Rooker-Feldman* doctrine. That

doctrine establishes that a federal district court lacks jurisdiction to review a final state court judgment because only the Supreme Court has jurisdiction to hear appeals from final state court judgments. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). The doctrine prevents a party who lost in state court proceedings from pursuing "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Accordingly, federal courts considering similar challenges have dismissed them for lack of jurisdiction. *See, e.g.*, *Zivkovic v. Hood*, 694 F. App'x 661, 662 (10th Cir. 2017) (unpublished) (finding that complaint attacking state-court judgment giving rise to restitution obligation or attacking state-court order authorizing the garnishment would be barred by *Rooker-Feldman* doctrine as impermissible review of state-court order); *Chavez v. Cty. of Boulder*, 149 F. App'x 713, 713–14 (10th Cir. 2003) (unpublished) (affirming district court's dismissal of civil rights complaint seeking relief from state court orders requiring payment of foster care fees and from a wage garnishment for lack of jurisdiction to review state court order under *Rooker-Feldman* doctrine); *Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003) (unpublished) ("Under the *Rooker-Feldman* doctrine, federal district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court.'") (citation omitted).

Having considered the record, the Court finds first, that the Kansas courts provided Petitioner with a forum that allowed him a full and fair opportunity to present his claims, as the decision of the Kansas Court of Appeals contains a detailed analysis of his arguments. Likewise, the Court finds this case presents the type of collateral attack on a state court judgment that is

barred by the *Rooker-Feldman* doctrine.  For these reasons, the Court concludes this matter must be summarily dismissed, as the state court decision is entitled to preclusive effect, and, under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to consider Petitioner's challenge.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed**.

**IT IS SO ORDERED**.

**Dated April 28, 2020, in Topeka, Kansas.**

                                    **s/ Sam A. Crow**
                                    **Sam A. Crow**
                                    **U.S. Senior District Judge**